# Nos. 24-7676, 25-3436
**[Consolidated 09/02/2025]**

IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**CONCERNED JEWISH PARENTS AND TEACHERS
OF LOS ANGELES, et al.**
*Plaintiffs-Appellants,*

*v.*

**LIBERATED ETHNIC STUDIES MODEL
CURRICULUM CONSORTIUM, et al.,**
*Defendants-Appellees.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
FERNANDO M. OLGUIN, DISTRICT JUDGE • CASE NO. 2:22-CV-03243-FMO-E

---

# APPELLANTS' PETITION FOR INITIAL HEARING EN BANC

---

**HORVITZ & LEVY LLP**
JEREMY B. ROSEN
REBECCA A. MARCYES
505 SANSOME STREET, SUITE 1550
SAN FRANCISCO, CALIFORNIA 94111-3149
(415) 462-5600

**HORVITZ & LEVY LLP**
JOHN F. QUERIO
YUVAL SCHNITKES
3601 WEST OLIVE AVENUE, 8TH FLOOR
BURBANK, CALIFORNIA 91505-4681
(818) 995-0800

**THE DEBORAH PROJECT**
LORI LOWENTHAL MARCUS
JEROME M. MARCUS
P.O. BOX 212
MERION STATION, PENNSYLVANIA 19066-0212
(610) 664-1184

**JUDICIAL WATCH, INC.**
ROBERT PATRICK STICHT
425 THIRD STREET S.W., SUITE 800
WASHINGTON, D.C. 20024-3232
(202) 646-5172

ATTORNEYS FOR PLAINTIFFS AND APPELLANTS
**CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES,
DANIEL ELI, LINDSEY KOHN, AMY LESERMAN, AND DANNA ROSENTHAL**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ...............................................................................i

TABLE OF AUTHORITIES................................................................................ii

INTRODUCTION AND STATEMENT UNDER FEDERAL RULE
OF APPELLATE PROCEDURE 40(g) .............................................. 1

ARGUMENT....................................................................................... 4

INITIAL HEARING EN BANC IS NECESSARY TO SET ASIDE
CLEARLY ERRONEOUS NINTH CIRCUIT PRECEDENT.......... 4

    A.   *Berk v. Choy* compels the conclusion that state anti-
SLAPP statutes cannot apply in federal court. ...................... 4

    B.   The Ninth Circuit stands virtually alone against a
consensus of sister circuits. ................................................. 8

    C.   This Court's attempts to salvage its anti-SLAPP
precedent have created an unworkable Frankenstein
statute that harms litigants and burdens courts. ................ 11

CONCLUSION ................................................................................. 15

Form 11. Certificate of Compliance  for Petitions for Rehearing or
Answers.................................................................................. 16

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbas v. Foreign Pol'y Grp.*,
   783 F.3d 1328 (D.C. Cir. 2015) ...................................................... 2, 8

*Berk v. Choy*,
   146 S.Ct. 546 (2026) ............................................................... *passim*

*Carbone v. Cable News Network, Inc.*,
   910 F.3d 1345 (11th Cir. 2018) ...................................................... 2, 9

*Eminence Invs., L.L.L.P. v. Bank of N.Y. Mellon*,
   782 F.3d 504 (9th Cir. 2015) .............................................................. 8

*Env't Prot. Info. Ctr. v. Pac. Lumber Co.*,
   257 F.3d 1071 (9th Cir. 2001) ............................................................ 8

*Fernandez-Ruiz v. Gonzales*,
   466 F.3d 1121 (9th Cir. 2006) ............................................................ 8

*Godin v. Schencks*,
   629 F.3d 79 (1st Cir. 2010) ........................................................... 3, 10

*Gopher Media LLC v. Melone*,
   154 F.4th 696 (9th Cir. 2025) .................................................... *passim*

*Intercon Sols., Inc. v. Basel Action Network*,
   791 F.3d 729 (7th Cir. 2015) .......................................................... 3, 9

*In re Gawker Media LLC*,
   571 B.R. 612 (Bankr. S.D.N.Y. 2017) ............................................... 10

*In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales
   Pracs., & Prods. Liab. Litig.*,
   553 F.Supp.3d 211 (D.N.J. 2021) ..................................................... 10

ii

*Klocke v. Watson,*
  936 F.3d 240 (5th Cir. 2019) ........................................................... 3, 9

*La Liberte v. Reid,*
  966 F.3d 79 (2d Cir. 2020) ........................................................... 2, 6, 9

*LaNasa v. Stiene,*
  731 F.Supp.3d 403 (E.D.N.Y. 2024) .................................................. 10

*Los Lobos Renewable Power, LLC v. Americulture, Inc.,*
  885 F.3d 659 (10th Cir. 2018) ......................................................... 3, 9

*Parker v. Spotify USA, Inc.,*
  569 F.Supp.3d 519 (W.D. Tex. 2021) ................................................ 10

*Sarver v. Chartier,*
  813 F.3d 891 (9th Cir. 2016) ............................................................. 12

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
  559 U.S. 393 (2010) ........................................................................... 7

*Travelers Cas. Ins. Co. of Am. v. Hirsh,*
  831 F.3d 1179 (9th Cir. 2016) ............................................................. 6

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
  190 F.3d 963 (9th Cir. 1999) ..................................................... *passim*

*Unity Healthcare, Inc. v. Cnty. of Hennepin,*
  308 F.R.D. 537 (D. Minn. 2015) ....................................................... 10

*Verizon Delaware, Inc. v. Covad Communications Co.,*
  377 F.3d 1081 (9th Cir. 2004) ........................................................... 12

**Statutes**

Cal. Civ. Proc. Code § 425.16 .............................................................. 1

# Rules

Fed. R. App. P. 40(b)(2)(B) ........................................................................ 4

Fed. R. App. P. 40(b)(2)(C) ................................................................... 4, 8

Fed. R. App. P. 40(b)(2)(D) ........................................................................ 4

Fed. R. Civ. P. 12 ........................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ....................................................................... 3, 6

Fed. R. Civ. P. 15(a) ............................................................................. 12

Fed. R. Civ. P. 56 ........................................................................... *passim*

iv

**APPELLANTS' PETITION FOR INITIAL HEARING EN BANC**

**INTRODUCTION AND STATEMENT UNDER FEDERAL RULE OF APPELLATE PROCEDURE 40(g)**

The question before this Court is straightforward: Should the Ninth Circuit continue to enforce a quarter-century-old panel decision permitting anti-SLAPP motions in federal court that is inconsistent with recent Supreme Court precedent, that six sister circuits have repudiated, and that ten of this Court's own judges have criticized as seriously wrong? The answer is equally straightforward: No.

In *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999), this Court held that California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, could apply in federal diversity cases because there was purportedly no "direct collision" with the Federal Rules of Civil Procedure. The Supreme Court's decision in *Berk v. Choy*, 146 S.Ct. 546 (2026), has eliminated any remaining basis for *Newsham*'s survival. "If a Federal Rule answers the disputed question, it governs." *Id.* at 552. Here, Federal Rules of Civil Procedure 12 and 56 answer the question in dispute—whether a cause of action should be dismissed for failing to state and substantiate

a claim. There is no place for a state procedure that does the same thing.

This Court recently acknowledged the urgency of this issue when it granted initial hearing en banc in *Gopher Media LLC v. Melone*, 154 F.4th 696, 699 n.2 (9th Cir. 2025). Yet the Court elected not to resolve whether state anti-SLAPP motions belong in federal court, leaving in place a precedent that four judges in that very case condemned as a "golden opportunity" squandered "to fix our mistaken precedent." *Id.* at 716–17 (Bress, J., concurring, joined by Collins, Lee, and Bumatay, JJ.). At least six additional current or former Ninth Circuit judges have likewise concluded that *Newsham* is wrong and should be overruled. *See id.* at 713–15 (noting prior concurring or dissenting opinions by Chief Judge Kozinski and Judges McKeown, Gould, Paez, Bea, and Watford on this subject).

Outside this Circuit, the consensus is even more decisive: the D.C., Second, Fifth, Seventh, Tenth, and Eleventh Circuits have all held that state anti-SLAPP statutes do not apply in federal court. *See La Liberte v. Reid*, 966 F.3d 79, 87–88 (2d Cir. 2020); *Abbas v. Foreign Pol'y Grp.*, 783 F.3d 1328, 1336 (D.C. Cir. 2015) (Kavanaugh, J.); *Carbone v.*

*Cable News Network, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018);

*Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 732 (7th Cir.

2015); *Klocke v. Watson*, 936 F.3d 240, 245–46 (5th Cir. 2019); *Los*

*Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668–

69 (10th Cir. 2018). Only the First Circuit remains aligned with this

Court—and that alignment predates both the circuit split and the

extensive judicial criticism that has accumulated over the past decade.

*See Godin v. Schencks*, 629 F.3d 79, 92 (1st Cir. 2010).

The consequences of this Court's outlier position are not abstract.

Here, a group of Jewish parents and teachers sued the Los Angeles

Unified School District, the teacher's union, ethnic studies curriculum

consultants, and related individuals for fostering a hostile environment

within LAUSD for Jewish children and teachers through antisemitic

curriculum materials. (7-ER-1213–1472.) The district court dismissed

all federal and state claims under Rule 12(b)(6), concluding that

Plaintiffs failed to state a claim. (1-ER-12–48.) It then compounded that

error by also dismissing many state claims under California's anti-

SLAPP statute on the same grounds. The result was a crushing fee

award of $596,696.50 against middle-class Jewish teachers and parents

3

whose only goal was to make LAUSD safe for their children. (1-FeesER-57–59, 63–64.) This is precisely the kind of injustice that flows from maintaining erroneous precedent.

Initial en banc hearing is warranted because existing circuit precedent "conflicts with a decision of the United States Supreme Court"; "conflicts with an authoritative decision of another United States court of appeals"; and because "the proceeding involves one or more questions of exceptional importance." Fed. R. App. P. 40(b)(2)(B)–(D). This Court should grant initial hearing en banc, overrule *Newsham*, and hold that state anti-SLAPP statutes have no application in federal court.

## ARGUMENT

### INITIAL HEARING EN BANC IS NECESSARY TO SET ASIDE CLEARLY ERRONEOUS NINTH CIRCUIT PRECEDENT.

**A.** *Berk v. Choy* **compels the conclusion that state anti-SLAPP statutes cannot apply in federal court.**

En banc proceedings are appropriate where circuit precedent conflicts with precedent from the United States Supreme Court. Fed. R. App. P. 40(b)(2)(B). *Berk*, 146 S.Ct. 546, creates precisely such a

conflict—and eliminates the analytical foundation on which *Newsham* rested.

In *Newsham*, this Court concluded that California's anti-SLAPP statute could apply in federal court because there was no "'direct collision' with the Federal Rules." 190 F.3d at 972 (citation omitted). *Berk* makes clear that this analysis fundamentally misunderstands the governing framework. The Supreme Court held that a Delaware statute requiring plaintiffs to file an affidavit of merit with medical malpractice complaints could not be enforced in federal court because a Federal Rule "answers the question in dispute." *Berk*, 146 S.Ct. at 552 (citation omitted). The Court explained: "[W]hen a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether . . . because the Rules of Decision Act dictates that state substantive law must yield if the Constitution, a treaty, or a statute 'otherwise require[s] or provide[s].' And the Rules Enabling Act, which authorizes the Supreme Court to adopt uniform rules of procedure for district courts, provides for the application of federal law." *Id.* (alteration in original) (citation omitted).

5

The Delaware statute at issue in *Berk* and California's anti-SLAPP statute share a critical feature: both "address the same issue" as the Federal Rules—namely, "the information that a plaintiff must provide about the merits of his claim at the outset of litigation." *Id.* at 555. Anti-SLAPP statutes "establish[] the circumstances under which" pretrial dismissal is warranted. *La Liberte*, 966 F.3d at 87 (citation omitted). But that question is already comprehensively answered by Rules 12 and 56.

Rule 12(b)(6) and California's anti-SLAPP statute serve the identical purpose of "eliminating frivolous or bullying claims before" parties bear the burdens of trial. *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1185 (9th Cir. 2016) (Kozinski, J., concurring). Both mechanisms answer the same fundamental question: Has the plaintiff alleged sufficient factual matter to proceed beyond the pleading stage? Rule 56 likewise answers the other question implicated by an anti-SLAPP motion: Has the plaintiff presented sufficient evidence to proceed to trial? Under *Berk*, when a Federal Rule addresses the same question as a state procedural mechanism, the inquiry ends—"so long

as . . . [the Federal Rule is] procedural rather than substantive," which Rules 12 and 56 unquestionably are. *Berk*, 146 S.Ct. at 556.

*Newsham* and its progeny attempted to justify the anti-SLAPP statute's application in federal court by emphasizing the "substantive state interests furthered by" the anti-SLAPP statute. 190 F.3d at 973. Judges on this Court have engaged in similar analysis. *See, e.g.*, *Gopher Media*, 154 F.4th at 704–05 (Bennett, J., concurring) (arguing California's anti-SLAPP statute creates a substantive right). But *Berk* forecloses this entire line of reasoning. The Supreme Court held that "the substantive nature of [a state] law, or its substantive purpose, *makes no difference.*" *Berk*, 146 S.Ct. at 557 (alteration in original) (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 409 (2010)). "[T]he only question" is whether the Federal Rule "really regulates procedure." *Id.* (citation omitted). Rules 12 and 56 do.

*Berk* thus confirms what six circuits and several judges on this Court have long recognized: Federal Rules of Civil Procedure 12 and 56 answer the same questions as California's anti-SLAPP statute, and that is the end of the matter. State anti-SLAPP motions cannot be entertained in federal court. This Court should grant initial hearing en

7

banc to bring its precedent into conformity with the Supreme Court's binding pronouncement.

### B. The Ninth Circuit stands virtually alone against a consensus of sister circuits.

Initial hearing en banc is further warranted to resolve an inter-circuit conflict. *See* Fed. R. App. P. 40(b)(2)(C); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1124 (9th Cir. 2006) (en banc). This Court has repeatedly emphasized that "unless there are valid and persuasive reasons to hold otherwise, we should not create an intercircuit conflict." *Env't Prot. Info. Ctr. v. Pac. Lumber Co.*, 257 F.3d 1071, 1077 (9th Cir. 2001); *accord Eminence Invs., L.L.L.P. v. Bank of N.Y. Mellon*, 782 F.3d 504, 508 (9th Cir. 2015). Yet on this issue, the Ninth Circuit has done precisely that—and finds itself on the losing side of an overwhelming consensus.

When *Newsham* was decided in 1999, no other circuit had addressed the question whether state anti-SLAPP statutes apply in federal court. Since then, six circuits have squarely rejected this Court's approach:

The D.C. Circuit held in *Abbas*, 783 F.3d at 1333–37, that the anti-SLAPP statute "establishes the circumstances under which a court

8

must dismiss a plaintiff's claim before trial" which "answers the same question" as Federal Rules of Civil Procedure 12 and 56.

In *Intercon Solutions*, 791 F.3d at 732, the Seventh Circuit reached the same conclusion that Washington's anti-SLAPP law is inapplicable in federal court under the same rationale.

The Tenth Circuit likewise held in *Los Lobos Renewable*, 885 F.3d at 668–69, that New Mexico's anti-SLAPP statute cannot apply in federal court.

The Eleventh Circuit followed suit in *Carbone,* 910 F.3d at 1354, holding that Georgia's anti-SLAPP statute has no place in federal court because the Federal Rules and the state statute "address the same question: whether a complaint states a valid claim supported by sufficient evidence to warrant a trial on the merits."

The Fifth Circuit threw its weight behind this position in *Klocke,* 936 F.3d at 247 n.6, concluding that Texas's anti-SLAPP statute does not apply in federal court because it conflicts with Rules 12 and 56.

Most recently, the Second Circuit held in *La Liberte*, 966 F.3d at 87, that California's anti-SLAPP statute—the very statute at issue

here—does not apply in federal court, following the same reasoning as all of the other circuit court cases that have reached this conclusion.

Numerous district courts have also reached the same conclusion. *See, e.g., In re Gawker Media LLC*, 571 B.R. 612, 629–33 (Bankr. S.D.N.Y. 2017); *Unity Healthcare, Inc. v. Cnty. of Hennepin*, 308 F.R.D. 537, 542 (D. Minn. 2015); *LaNasa v. Stiene*, 731 F.Supp.3d 403, 416–17 (E.D.N.Y. 2024); *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 553 F.Supp.3d 211, 220 n.4 (D.N.J. 2021); *Parker v. Spotify USA, Inc.*, 569 F.Supp.3d 519, 539 (W.D. Tex. 2021).

Only the First Circuit stands with this Court. *See Godin*, 629 F.3d at 92. But as Judge Bress observed, the First Circuit reached that decision "when [the Ninth Circuit was] the only circuit to have weighed in on the issue and before various judges on our court began to express disagreement with our precedent." *Gopher Media*, 154 F.4th at 715 (Bress, J., concurring). The First Circuit has not revisited this question since six circuits weighed in against its approach and since the Supreme Court decided *Berk*, lessening the force of its reasoning.

10

The resulting split is not merely lopsided—it is untenable. This Court and the First Circuit stand alone on this issue, "leaving in place a lopsided circuit split in which we spearhead the minority view." *Gopher Media*, 154 F.4th at 716 (Bress, J., concurring). Maintaining this outlier position does a "disservice to the law by keeping our patently incorrect anti-SLAPP case law on the books." *Id.* The time has come for this Court to join the overwhelming majority of circuits and hold that state anti-SLAPP statutes have no place in federal courts.

> **C.** **This Court's attempts to salvage its anti-SLAPP precedent have created an unworkable Frankenstein statute that harms litigants and burdens courts.**

For over "twenty-five years, the Ninth Circuit has struggled with its misguided experiment of allowing California's anti-SLAPP statute to apply in federal court." *Id.* at 709 (Bress, J., concurring). The result has been a series of patchwork modifications that have created a procedural Frankenstein where "anti-SLAPP practice in this circuit [is] even more incoherent than we found it." *Id.* at 716 (Bress, J., concurring). Three of the "four core pillars" of the anti-SLAPP statute have now been terminated by this Court—discovery stays, heightened probability of success requirements for plaintiffs, and interlocutory appeals. *Id.* The

11

only pillar left is fee-shifting, but that by itself cannot support application of this state statute in federal court. *Id.*

Beyond those three pillars, this Court has also made the following additional modifications to the anti-SLAPP statute:

**Time Limits:** This Court has held that the time limits set out by California's anti-SLAPP statute do not apply in federal court because they "directly collide with the more permissive timeline" established by Rule 56. *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016).

**Leave to Amend:** In *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004), this Court held that granting an anti-SLAPP motion without leave to amend "directly collide[s]" with Rule 15(a)'s policy "favoring liberal amendment"—even though California's statute does not permit amendment after an anti-SLAPP motion is granted.

Each of these modifications was designed to rescue the anti-SLAPP statute from its most glaring conflicts with the Federal Rules. But this piecemeal approach has merely confirmed what should have been apparent from the start: a state procedural mechanism that

12

requires such extensive revision to function in federal court does not belong there at all.

The Supreme Court rejected precisely this kind of statutory surgery in *Berk*. There, defendants argued that Delaware's affidavit-of-merit requirement could be harmonized with the Federal Rules through creative interpretation. The Court disagreed, explaining that such an approach would mean that "the Delaware law is no longer a pleading requirement that serves a gatekeeping function; it is a free-floating evidentiary requirement that can serve as the basis for an early dismissal." *Berk*, 146 S.Ct. at 555. The same reasoning applies with full force to the rewritten version of California's anti-SLAPP statute that this Court has constructed.

The practical consequences of this failed experiment are severe. For litigants, the cost of defending against an anti-SLAPP motion in federal court is "much greater" than in California state court. *Gopher Media*, 154 F.4th at 717 (Bress, J., concurring). The statute enacted by California's legislature reflects a delicate compromise: quick resolution through expedited procedures in exchange for modest fee awards.

13

In federal courts in the Ninth Circuit, that compromise has been destroyed. More litigation occurs before a motion to strike can be won. And now, without interlocutory appeals, fee awards may encompass not just the costs of a single motion (as in state court) but fees for discovery and trial as well. The result can be massive and crushing fee awards like the $596,696.50 awarded against Appellants in this case. (1-Fees ER-57–59, 63–64.) Middle-class Jewish teachers and parents who sought only to protect their children from antisemitism in public schools now face financial ruin—not because they brought frivolous claims, but because this Court has permitted defendants to weaponize a procedural mechanism that was never designed to produce such outcomes.

District courts likewise suffer under this regime. Federal judges in the Ninth Circuit "are constantly confronted with . . . parasitical anti-SLAPP motions, which often raise nettlesome questions about the interaction between state and federal procedure." *Gopher Media*, 154 F.4th at 718 (Bress, J., concurring). Rules 12 and 56 already provide mechanisms for early dismissal of meritless claims. The anti-SLAPP statute adds only confusion, delay, and inordinate expense.

14

## CONCLUSION

"The issue of whether the anti-SLAPP statute applies in federal court is not going away." *Gopher Media*, 154 F.4th at 709 (Bress, J., concurring). The question will continue to arise in case after case, district after district, until this Court resolves it.  That resolution is now overdue and urgently necessary. This Court should grant initial hearing en banc to resolve the question left unanswered by *Gopher Media*, and should hold that state anti-SLAPP statutes cannot apply in federal court.

March 30, 2026

**HORVITZ & LEVY LLP**
  JEREMY B. ROSEN
  JOHN F. QUERIO
  REBECCA A. MARCYES
  YUVAL SCHNITKES
**THE DEBORAH PROJECT**
  LORI LOWENTHAL MARCUS
  JEROME M. MARCUS
**JUDICIAL WATCH, INC.**
  ROBERT PATRICK STICHT

s/ Jeremy B. Rosen

Attorneys for Plaintiffs and Appellants
**CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, DANIEL ELI, LINDSEY KOHN, AMY LESERMAN,** AND **DANNA ROSENTHAL**

15

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 11. Certificate of Compliance for Petitions for Rehearing or Answers

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 24-7676, 25-3436

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for

panel rehearing/petition for rehearing en banc/answer to petition is (*select one*):

⊙ Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: 2,700 .

*(Petitions and answers must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/ Jeremy B. Rosen          **Date** | Mar 30, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 11**                                                      *Rev. 12/01/2018*