# Nos. 24-7676, 25-3436

**[Consolidated 9/2/2025]**

IN THE

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

---

## CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, et al.,

*Plaintiffs-Appellants,*

*v.*

## LIBERATED ETHNIC STUDIES MODEL CURRICULUM CONSORTIUM, et al.,

*Defendants-Appellees.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
FERNANDO M. OLGUIN, DISTRICT JUDGE · CASE NO. 2:22-CV-03243-FMO-E

---

# SUPPLEMENTAL BRIEF

---

**HORVITZ & LEVY LLP**
JEREMY B. ROSEN
REBECCA A. MARCYES
505 SANSOME STREET, SUITE 1550
SAN FRANCISCO, CALIFORNIA 94111-3149
(415) 462-5600

**HORVITZ & LEVY LLP**
JOHN F. QUERIO
YUVAL SCHNITKES
3601 WEST OLIVE AVENUE, 8TH FLOOR
BURBANK, CALIFORNIA 91505-4681
(818) 995-0800

**THE DEBORAH PROJECT**
LORI LOWENTHAL MARCUS
JEROME M. MARCUS
P.O. BOX 212
MERION STATION, PENNSYLVANIA 19066-0212
(610) 664-1184

**JUDICIAL WATCH, INC.**
ROBERT PATRICK STICHT
425 THIRD STREET S.W., SUITE 800
WASHINGTON, D.C. 20024-3232
(202) 646-5172

ATTORNEYS FOR PLAINTIFFS AND APPELLANTS
**CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES,
DANIEL ELI, LINDSEY KOHN, AMY LESERMAN, AND DANNA ROSENTHAL**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION ............................................................................................. 1

ARGUMENT .................................................................................................... 3

I.     A three-judge panel must overrule prior circuit precedent when intervening Supreme Court authority is clearly irreconcilable with it. ....................................................................... 3

II.    *Newsham* and its progeny are clearly irreconcilable with *Berk v. Choy* and should be overruled. ............................................. 4

     A.    California's anti-SLAPP statute is a procedural device for early dismissal of meritless claims. ................................... 4

     B.    *Berk* forecloses application of state anti-SLAPP statutes in federal court. ......................................................... 5

     C.    *Berk* confirms the overwhelming circuit consensus that anti-SLAPP statutes do not apply in federal court. ............... 8

     D.    This Court's piecemeal fixes have produced an incoherent anti-SLAPP regime that harms litigants and burdens courts ................................................................ 9

CONCLUSION ............................................................................................... 13

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS ................. 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abbas v. Foreign Pol'y Grp.*,
  783 F.3d 1328 (D.C. Cir. 2015) .......................................................... 8

*Baral v. Schnitt*,
  1 Cal.5th 376 (2016) .......................................................... 4

*Berk v. Choy*,
  607 U.S. ___, 146 S.Ct. 546 (2026) ............................................. *passim*

*Carbone v. Cable News Network, Inc.*,
  910 F.3d 1345 (11th Cir. 2018) .......................................................... 9

*Celotex Corp v. Catrett*,
  477 U.S. 317 (1986) .......................................................... 6

*College Hosp. Inc. v. Superior Ct.*,
  8 Cal.4th 704 (1994) .......................................................... 5

*Dorman v. Charles Schwab Corp.*,
  934 F.3d 1107 (9th Cir. 2019) .......................................................... 3

*Equilon Enters. v. Consumer Cause, Inc.*,
  29 Cal.4th 53 (2002) .......................................................... 5

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014) .......................................................... 6

*Godin v. Schencks*,
  629 F.3d 79 (1st Cir. 2010) .......................................................... 9

*Gopher Media LLC v. Melone*,
  154 F.4th 696 (9th Cir. 2025) ................................................. *passim*

*Intercon Sols., Inc. v. Basel Action Network*,
  791 F.3d 729 (7th Cir. 2015) .......................................................... 9

*Jarrow Formulas, Inc. v. LaMarche*,
  31 Cal.4th 728 (2003) .......................................................... 4

*Kivett v. Flagstar Bank, FSB,*
　154 F.4th 640 (9th Cir. 2025) ........................................................ 4

*Klocke v. Watson,*
　936 F.3d 240 (5th Cir. 2019) .......................................................... 9

*La Liberté v. Reid,*
　966 F.3d 79 (2d Cir. 2020) ......................................................... 6, 9

*Langere v. Verizon Wireless Servs., LLC,*
　983 F.3d 1115 (9th Cir. 2020) ....................................................... 3

*Los Lobos Renewable Power, LLC v. Americulture, Inc.,*
　885 F.3d 659 (10th Cir. 2018) ....................................................... 9

*Miller v. Gammie,*
　335 F.3d 889 (9th Cir. 2003) ......................................................... 3

*Newport Harbor Ventures, LLC v. Morris Cerullo World*
　*Evangelism,*
　4 Cal.5th 637 (2018) ...................................................................... 4

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
　190 F.3d 963 (9th Cir. 1999) .................................................. *passim*

*Rodriguez v. AT&T Mobility Servs. LLC,*
　728 F.3d 975 (9th Cir. 2013) ......................................................... 4

*Sarver v. Chartier,*
　813 F.3d 891 (9th Cir. 2016) ....................................................... 10

*SEIU Local 121RN v. Los Robles Reg'l Med. Ctr.,*
　976 F.3d 849 (9th Cir. 2020) ......................................................... 3

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
　559 U.S. 393 (2010) ....................................................................... 8

*Travelers Cas. Ins. Co. of Am. v. Hirsh,*
　831 F.3d 1179 (9th Cir. 2016) ....................................................... 6

*United States v. Lindsey,*
　634 F.3d 541 (9th Cir. 2011) ......................................................... 4

*United States v. Orm Hieng,*
  679 F.3d 1131 (9th Cir. 2012) ............................................................ 3

*Varian Med. Sys., Inc. v. Delfino,*
  35 Cal.4th 180 (2005) ...................................................................... 4

*Verizon Del., Inc. v. Covad Commc'ns Co.,*
  377 F.3d 1081 (9th Cir. 2004) .......................................................... 11

## Rules

Fed. R. Civ. P. 8 ................................................................................. 5

Fed. R. Civ. P. 12 ....................................................................... *passim*

Fed. R. Civ. P. 12(b) ...................................................... 1, 2, 6, 13

Fed. R. Civ. P. 15(a) ..................................................................... 10

Fed. R. Civ. P. 56 ....................................................................... *passim*

iv

## SUPPLEMENTAL BRIEF

## INTRODUCTION

The Court asked whether *Berk v. Choy*, 607 U.S. ___, 146 S.Ct. 546 (2026), is clearly irreconcilable with Ninth Circuit precedent applying California's anti-SLAPP statute in federal court. It is. *Berk* holds that when a Federal Rule answers a disputed procedural question, the Federal Rule governs. Rules 12 and 56 answer the question of when a meritless claim should be dismissed. That ends the inquiry. This Court should overrule *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999) and its progeny and hold that the anti-SLAPP statute does not apply in federal court.

Jewish parents and teachers brought this civil rights action to protect their children from antisemitic indoctrination in California's public schools. The district court granted both Rule 12(b) and anti-SLAPP motions on the same erroneous ground—that plaintiffs failed to state any cause of action—and then awarded nearly $600,000 in attorney fees to defendants for prevailing on the parasitic and redundant anti-SLAPP motions. (1-Fees-ER-57–59, 63–64.) This Court should reverse the anti-SLAPP order because *Berk* bars such motions in

1

federal court, and reverse and remand the grant of the Rule 12 motions for further proceedings.

*Newsham* and its progeny—which applied the anti-SLAPP statute in federal court because there was no "direct collision" with Rules 12 and 56—cannot survive *Berk*. *Newsham*, 190 F.3d at 972. The Supreme Court rejected that framework: "If a Federal Rule answers the disputed question, it governs." *Berk*, 146 S.Ct. at 552. Rules 12 and 56 answer when meritless claims should be dismissed. *Newsham* must be overruled.

Little of *Newsham* remains to overrule. Successive decisions have stripped away key parts of the anti-SLAPP statute—the filing deadline, the automatic discovery stay, the bar on amending complaints, the heightened probability-of-success standard, and the interlocutory appeal—as incompatible with the Federal Rules. What survives is a hollowed-out motion called an anti-SLAPP motion with the same features as motions under Rules 12(b) and 56, but with an added fee award. *Berk* does not permit this hybrid residue—enacted by no legislative or rulemaking body—to govern federal procedure.

Overruling *Newsham* and its progeny would align this Court with six sister circuits, vindicate decades of well-reasoned separate opinions

2

from members of this Court, and free federal litigants from unwarranted, crushing fee awards.

## ARGUMENT

**I.     A three-judge panel must overrule prior circuit precedent when intervening Supreme Court authority is clearly irreconcilable with it.**

A three-judge panel must overrule prior circuit precedent when intervening Supreme Court authority has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *see also SEIU Local 121RN v. Los Robles Reg'l Med. Ctr.*, 976 F.3d 849, 860 (9th Cir. 2020); *Dorman v. Charles Schwab Corp.*, 934 F.3d 1107, 1111–12 (9th Cir. 2019).

"[W]hen a rule announced by this [C]ourt and a rule later announced by the Supreme Court cannot both be true at the same time, they are clearly irreconcilable." *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1122 (9th Cir. 2020); *see United States v. Orm Hieng*, 679 F.3d 1131, 1140 (9th Cir. 2012).

Courts look to "the theory or reasoning" of the Supreme Court opinion—its "explications of the governing rules of law"—not results

alone. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013); *Kivett v. Flagstar Bank, FSB*, 154 F.4th 640, 646 (9th Cir. 2025). Once a prior precedent is no longer "supported for the reasons stated," it must be overruled. *United States v. Lindsey*, 634 F.3d 541, 549–50 (9th Cir. 2011).

*Berk* is irreconcilable with the rationale of *Newsham* and its progeny.

## II.  *Newsham* and its progeny are clearly irreconcilable with *Berk v. Choy* and should be overruled.

### A.  California's anti-SLAPP statute is a procedural device for early dismissal of meritless claims.

California's anti-SLAPP statute "establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary judgment-like procedure at an early stage of the litigation." *Varian Med. Sys., Inc. v. Delfino*, 35 Cal.4th 180, 192 (2005); *see Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism*, 4 Cal.5th 637, 653 (2018).

Its "central purpose" is to "screen[] out meritless claims that arise from protected activity, before the defendant is required to undergo the expense and intrusion of discovery." *Baral v. Schnitt*, 1 Cal.5th 376, 384 (2016); *see also Jarrow Formulas, Inc. v. LaMarche*, 31 Cal.4th 728, 737

4

(2003); *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal.4th 53, 63 (2002).

In short, the statute "operates like a demurrer or motion for summary judgment in 'reverse.'" *College Hosp. Inc. v. Superior Ct.*, 8 Cal.4th 704, 718–19 (1994). It is a state procedure doing what Federal Rules 12 and 56 already do.

## B.     *Berk* forecloses application of state anti-SLAPP statutes in federal court.

In *Newsham*, this Court asked whether applying California's anti-SLAPP statute in federal court would "constitute a 'direct collision'" with the Federal Rules. 190 F.3d at 972. Finding "no indication that Rules 8, 12, and 56 were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims," the Court permitted the statute to operate as "an additional, unique weapon in the pretrial arsenal." *Id.* at 972–73.

*Berk* obliterates that reasoning. The Supreme Court held: "If a Federal Rule answers the disputed question, it governs." *Berk*, 146 S.Ct. at 552. "[W]hen a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether . . . because the Rules of Decision Act dictates that state substantive law must yield," and the

5

Rules Enabling Act "provides for the application of federal law." *Id.* The "direct collision" framework on which *Newsham* rests is no longer the law.

The Delaware affidavit-of-merit statute invalidated in *Berk* and California's anti-SLAPP statute share the decisive feature: each "address[es] the same issue" as the Federal Rules—"the information that a plaintiff must provide about the merits of his claim at the outset of litigation." *Berk*, 146 S.Ct. at 555; *see La Liberté v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020).

Rules 12(b) and 56 and the anti-SLAPP statute serve the identical "purpose [of] eliminating frivolous or bullying claims before'" parties bear the burdens of trial. *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1185 (9th Cir. 2016) (Kozinski, J., concurring). Rule 12(b) asks whether the plaintiff has alleged sufficient factual matter to proceed past the pleadings. *See Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. 409, 425 (2014) (describing Rule 12(b) as an "important mechanism for weeding out meritless claims"). Rule 56 answers the parallel evidentiary question at summary judgment. *See Celotex Corp v. Catrett*, 477 U.S. 317, 323–24 (1986) ("One of the principal purposes of

the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses").

Here, the district court's fee award itself confirms this overlap. The court awarded fees for (1) briefing federal claims, including Article III standing, because they "overlapped" with state claims, and (2) briefing portions of the Rule 12 motions because those motions were "'inextricably intertwined'" with the anti-SLAPP motions. (1-Fees-ER-55–56.)

Under *Berk*, when a Federal Rule addresses the same question as a state procedural mechanism, the inquiry ends "so long as . . . [the Federal Rule is] procedural rather than substantive." 146 S.Ct. at 556. Rules 12 and 56 are unquestionably procedural. The fee order here, blurring Rule 12 and anti-SLAPP motions, exemplifies the erroneous application of state procedure in federal court.

Defenders of the *Newsham* line of cases have long invoked the "substantive state interests furthered by the Anti-SLAPP statute." *Newsham*, 190 F.3d at 973; *see, e.g., Gopher Media LLC v. Melone*, 154 F.4th 696, 704–05 (9th Cir. 2025) (en banc) (Bennett, J., concurring). *Berk* forecloses that argument: "[T]he substantive nature of [a state] law, or its substantive purpose, *makes no difference*." 146 S.Ct. at 557

(quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 409 (2010)) (emphasis in original). "[T]he only question" is whether the Federal Rule "really regulates procedure." *Id.* Rules 12 and 56 do. And the California Supreme Court has held that the anti-SLAPP statute is itself procedural. *Supra,* § II.A.

### C.  *Berk* confirms the overwhelming circuit consensus that anti-SLAPP statutes do not apply in federal court.

This Court recently granted initial hearing en banc in *Gopher Media*, only to leave *Newsham* and its progeny undisturbed—squandering a "golden opportunity . . . to fix our mistaken precedent." 154 F.4th at 716–17 (Bress, J., concurring, joined by Collins, Lee, and Bumatay, JJ.). At least six other current and former judges of this Court have concluded that *Newsham* and its progeny are wrong. *See id.* at 713–15 (collecting opinions of Chief Judge Kozinski and Judges McKeown, Gould, Paez, Bea, and Watford). But the en banc court in *Gopher Media* did not have the benefit of *Berk*. *Berk* now confirms that *Newsham* and its progeny cannot remain the law.

The consensus outside this Circuit is overwhelming. The D.C., Second, Fifth, Seventh, Tenth, and Eleventh Circuits all hold that state anti-SLAPP statutes do not apply in federal court. *See Abbas v. Foreign*

8

*Pol'y Grp.*, 783 F.3d 1328, 1336 (D.C. Cir. 2015) (Kavanaugh, J.); *La Liberté*, 966 F.3d at 87–88; *Klocke v. Watson*, 936 F.3d 240, 245–46 (5th Cir. 2019); *Intercon Sols., Inc. v. Basel Action Network*, 791 F.3d 729, 732 (7th Cir. 2015); *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668–69 (10th Cir. 2018); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1357 (11th Cir. 2018).

Only the First Circuit aligns with this Court, in a decision predating the circuit consensus and years of judicial criticism—not to mention *Berk*. *See Godin v. Schencks*, 629 F.3d 79, 92 (1st Cir. 2010). This Court and the First Circuit "spearhead the minority view" on what is now a "lopsided circuit split." *Gopher Media*, 154 F.4th at 716 (Bress, J., concurring). Continuing such "disservice to the law by keeping [this] patently incorrect anti-SLAPP case law on the books," *id.*, is indefensible after *Berk*.

   **D.  This Court's piecemeal fixes have produced an incoherent anti-SLAPP regime that harms litigants and burdens courts.**

For more than "twenty-five years, the Ninth Circuit has struggled with its misguided experiment of allowing California's anti-SLAPP statute to apply in federal court." *Gopher Media*, 154 F.4th at 709 (Bress, J., concurring). The result is a procedural Frankenstein in which

9

"anti-SLAPP practice in this circuit [is] even more incoherent than [this Court] found it." *Id.* at 716. Three of the statute's "four core pillars"— the discovery stay[1], the heightened probability-of-success standard, and the right to interlocutory appeal—have been stripped away by this Court. *Id.* The lone surviving pillar—fee-shifting—cannot justify importing a state procedural statute into federal court in contravention of Supreme Court precedent. *Id.*

Other provisions have likewise been stripped away to shoehorn the statute into federal court:

**Time Limits:** The statute's short deadlines do not apply in federal court because they "directly collide with the more permissive timeline" of Rule 56. *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016).

**Leave to Amend:** Granting an anti-SLAPP motion without leave to amend "directly collide[s]" with Federal Rule of Civil Procedure 15(a)'s liberal amendment mandate—even though the statute forbids

---

[1] Defendants moved to stay discovery pending resolution of the anti-SLAPP motions based in part on the automatic discovery stay provisions in the state statute. (4-MeritsER-650, 653–655, 659–660, 674.) The court granted the motion. (7-MeritsER-1212.) Plaintiffs received no discovery in the many years their case proceeded in district court.

amendment after the motion is granted. *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

Each fix was meant to rescue the statute from conflicts with the Federal Rules. The piecemeal result—not enacted by the California Legislature  and not contemplated by the federal rulemaking process—confirms what was clear from the start: a state procedural device requiring this much surgery to function in federal court does not belong there.

*Berk* resolves any doubt that this kind of judicial salvage operation is not permitted. Construing the Delaware statute to fit alongside the Federal Rules, the Court explained, would mean "the Delaware law is no longer a pleading requirement that serves a gatekeeping function; it is a free-floating evidentiary requirement that can serve as the basis for an early dismissal." *Berk*, 146 S.Ct. at 555. The same is true of this Court's reconstructed anti-SLAPP statute.

The practical consequences are severe. Opposing an anti-SLAPP motion in federal court is "much greater" in cost than in state court. *Gopher Media*, 154 F.4th at 717 (Bress, J., concurring). California's legislative compromise—quick resolution through expedited procedures in exchange for modest fee awards—has been destroyed in this Circuit.

11

With interlocutory appeals eliminated, fee awards may now sweep in not just the cost of a single motion but discovery and trial expenses, producing crushing awards even greater than the nearly $600,000 imposed on Plaintiffs here just through the district court phase of the anti-SLAPP motion practice. (1-Fees-ER-57–59, 63–64.)

Middle-class Jewish parents and teachers who sought to protect their children from antisemitism in public schools now face financial ruin—not because their claims were frivolous, but because this Court allowed defendants to weaponize a procedural device the California Legislature never designed and which does not belong in federal court.

District courts pay a price too. Federal judges in this Circuit "are constantly confronted with . . . parasitical anti-SLAPP motions, which often raise nettlesome questions about the interaction between state and federal procedure." *Gopher Media*, 154 F.4th at 718 (Bress, J., concurring). Rules 12 and 56 already do this work. The anti-SLAPP statute adds only confusion, delay, and expense.

## CONCLUSION

This Court should reverse the anti-SLAPP orders, overrule

*Newsham* and its progeny, and hold that California's anti-SLAPP

statute does not apply in federal court. It should also reverse the grant

of the Rule 12(b) motions and remand for further proceedings, including

leave to amend the complaint.


May 13, 2026

**HORVITZ & LEVY LLP**
  JEREMY B. ROSEN
  JOHN F. QUERIO
  REBECCA MARCYES
  YUVAL SCHNITKES
**THE DEBORAH PROJECT**
  LORI LOWENTHAL MARCUS
  JEROME M. MARCUS
**JUDICIAL WATCH, INC.**
  ROBERT PATRICK STICHT


By: _____
         Jeremy B. Rosen

Attorneys for Plaintiffs and Appellants
**CONCERNED JEWISH PARENTS
AND TEACHERS OF LOS ANGELES,
DANIEL ELI, LINDSEY KOHN, AMY
LESERMAN, and DANNA
ROSENTHAL**


13

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 24-7676, 25-3436 (consolidated 09/02/2025)

I am the attorney or self-represented party.

**This brief contains** 2,361 **words, including** _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R.
29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select
only one)*:
☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◉ complies with the length limit designated by court order dated May 4, 2026 .

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Jeremy B. Rosen   **Date** May 13, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 8**                                                                                   *Rev. 12/01/22*