**Nos. 24-7676 & 25-3436**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CONCERNED JEWISH PARENTS AND TEACHERS OF LOS ANGELES, ET AL.,

*Plaintiffs-Appellants,*

v.

LIBERATED ETHNIC STUDIES MODEL CURRICULUM CONSORTIUM, ET AL.,

*Defendants-Appellees.*

On Appeal from the U.S. District Court for the
Central District of California,
Case No. 2:22-CV-03243-FMO-E (Hon. Fernando M. Olguin)

# Appellees Liberated Ethnic Studies Model Curriculum Consortium, Theresa Montaño, and Guadalupe Cardona's Supplemental Brief

Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(323) 696-2299
matthew@matthewstrugar.com

Jacob Loup
LAW OFFICE OF JACOB LOUP
400 Corporate Pointe Ste 300
Culver City, CA 90230
(347) 391-5009
jl@louplaw.com

Mark Allen Kleiman
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Suite 810
Los Angeles, CA 90025
310-392-5455
mark@krlaw.us

Attorneys for Defendants and Appellees Liberated Ethnic Studies Model
Curriculum Consortium, Theresa Montaño, and Guadalupe Cardona

# Table of Contents

**Introduction**..................................................................................... 1

**Argument** ......................................................................................... 3

I.  *Berk* reaffirmed the Supreme Court's longstanding
    framework for determining whether state law applies in
    federal court.. ............................................................................ 4

II. *Berk* is not "clearly irreconcilable" with the quarter-century
    of Ninth Circuit precedent applying the fee-shifting
    provision of California's anti-SLAPP statute in federal
    court.. ......................................................................................... 6

**Conclusion**..................................................................................... 12

i

# Table of Authorities

**Cases**

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
738 F.3d 960 (9th Cir. 2013) .................................................. 11

*Berk v. Choy*,
607 U.S. 187 (2026)........................................................ 1, 3, 4, 5, 11

*Clifford v. Trump*,
818 F. App'x 746 (9th Cir. 2020) ............................................. 7

*CoreCivic, Inc. v. Candide Group, LLC*,
46 F.4th 1136 (9th Cir. 2022) .............................................. 2, 3, 6, 7, 8

*CRST Van Expedited, Inc. v. Werner Enters., Inc.*,
479 F.3d 1099 (9th Cir. 2007) ............................................... 11

*Drexler v. Billet*,
784 F. App'x 548 (9th Cir. 2019) ............................................ 7

*Erie R.R. Co. v. Tompkins*,
304 U.S. 64 (1938)............................................................ 4

*Gopher Media LLC v. Melone*,
154 F.4th 696 (9th Cir. 2025) (en banc)...................................... 7, 9, 10

*Grifols, S.A. v. Yu*,
No. 24-cv-00576 (LJL), 2026 WL 836657 (S.D.N.Y. Mar. 26, 2026)... 12

*Gunn v. Drage*,
65 F.4th 1109 (9th Cir. 2023)............................................... 7

*Hanna v. Plumer*,
380 U.S. 460 (1965)........................................................... 5

*Herring Networks, Inc. v. Maddow,*
  8 F.4th 1148 (9th Cir. 2021) ........................................................... 6, 7

*Lair v. Bullock,*
  697 F.3d 1200 (9th Cir. 2012) ....................................................... 3, 6

*Mangold v. Cal. Pub. Utils. Comm'n,*
  67 F.3d 1470 (9th Cir. 1995) ............................................................ 11

*Metabolife Int'l, Inc. v. Wornick,*
  264 F.3d 832 (9th Cir. 2001) ........................................................... 7, 9

*Miller v. Gammie,*
  335 F.3d 889 (9th Cir. 2003) (en banc) ................................................ 3

*Planet Aid, Inc. v. Reveal,*
  44 F.4th 918 (9th Cir. 2022) .............................................................. 7

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
  890 F.3d 828 (9th Cir. 2018) ....................................................... 6, 7, 9

*Richey v. Showtime Networks Inc.,*
  No. 1:24-cv-00134, 2026 WL 867264 (D. Del. Mar. 30, 2026)............. 12

*Rodriguez v. County of Los Angeles,*
  891 F.3d 776 (9th Cir. 2018) ............................................................ 11

*Sarver v. Chartier,*
  813 F.3d 891 (9th Cir. 2016) ............................................................. 9

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,*
  559 U.S. 393 (2010)................................................................ 2, 4, 5, 8

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.,*
  190 F.3d 963 (9th Cir. 1999) ............................................................. 7

*United States v. Orm Hieng,*
  679 F.3d 1131 (9th Cir. 2012) ........................................................... 3

*Verizon Del., Inc. v. Covad Commc'ns Co.,*
   377 F.3d 1081 (9th Cir. 2004) ............................................................. 9

*Wilson v. Tesla, Inc.,*
   833 F. App'x 59 (9th Cir. 2020) ......................................................... 11

## Statutes

Cal. Civ. Proc. Code § 425.16 ........................................................... 1, 7, 9

## Rules

Fed. R. Civ. P. 12 .............................................................. 9, 10, 11

Fed. R. Civ. P. 56 .............................................................. 9, 10, 11

Fed. R. Civ. P. 8 .............................................................. 4, 9, 11

## Introduction

This supplemental brief responds to the Court's order requesting briefing on whether *Berk v. Choy*, 607 U.S. 187 (2026), is clearly irreconcilable with Ninth Circuit precedent applying California's anti-SLAPP statute in federal court.

More than thirty years ago, the California Legislature sought to stem the "disturbing increase" in strategic lawsuits against public participation—or "SLAPPs"—by enacting a statute to protect against this form of litigation abuse. It recognized that plaintiffs bring these lawsuits "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). The Legislature also expressly declared "that it is in the public interest to encourage continued participation in matters of public significance." *Id*.

California's anti-SLAPP statute advances that substantive policy judgment in part through fee shifting. A defendant who prevails on a special motion to strike is entitled to recover attorneys' fees and costs. That entitlement both deters meritless lawsuits targeting protected speech and enables SLAPP defendants—often individuals or small

1

organizations of limited means—to secure representation and defend themselves against litigation designed to chill participation in public debate.

For more than twenty-five years, this Court has consistently held that federal courts must apply the anti-SLAPP statute's fee-shifting provision. In doing so, this Court has faithfully applied the same framework the Supreme Court applied in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*, 559 U.S. 393 (2010), and reaffirmed in *Berk*: determining whether a Federal Rule of Civil Procedure answers the same question as the challenged state-law rule. This Court has also repeatedly recognized that federal courts apply only those portions of California's anti-SLAPP statute that do not conflict with the Federal Rules.

Nothing in *Berk* is clearly irreconcilable with that settled precedent. Indeed, this Court already rejected materially the same argument in *CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136 (9th Cir. 2022), when it explained that *Shady Grove* did not replace the "direct collision" inquiry with a new framework, but merely "repackaged it." *Id.* at 1142. Because *Berk* "straightforward[ly]" reaffirmed the same *Shady Grove*

2

framework, *Berk*, 607 U.S. at 192, it does not undermine this Court's longstanding anti-SLAPP precedents.

## Argument

"[A] three-judge panel" of this Court may "reexamine the holding of a prior panel" only under limited, strict circumstances. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). There must be an intervening decision from a higher authority that "undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are *clearly irreconcilable*." *Id.* at 900 (emphasis added). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (cleaned up). "[A]s long as [this Court] can apply [its] prior circuit precedent without 'running afoul' of the intervening authority, [it] must do so." *Id.* (quoting *United States v. Orm Hieng*, 679 F.3d 1131, 1140 (9th Cir. 2012)). This "important," "durable" rule preserves "'the consistency of circuit law.'" *CoreCivic*, 46 F.4th at 1141 (quoting *Miller*, 335 F.3d at 900).

3

*Berk* is not clearly irreconcilable with this Circuit's precedent applying the anti-SLAPP statute's fee-shifting provision in federal court.

**I.** **_Berk_ reaffirmed the Supreme Court's longstanding framework for determining whether state law applies in federal court.**

The question in *Berk* was whether Delaware's affidavit-of-merit requirement for medical malpractice claims applied in federal court. 607 U.S. at 190. Under *Erie*, federal courts exercising jurisdiction over state-law claims ordinarily apply state substantive law. *Id.* at 191 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). But "[i]f a Federal Rule answers the disputed question, it governs." *Id.* at 192. The Court therefore first asked "whether [a] Federal Rule 'answers the question in dispute.'" *Id.* (quoting *Shady Grove*, 559 U.S. at 398).

Applying those principles, the Court held that Delaware's affidavit-of-merit requirement conflicts with Rule 8 because both provisions "address the same issue: the information that a plaintiff must provide about the merits of his claim at the outset of litigation." *Id.* at 196. Rule 8 requires only "'a short and plain statement of the claim showing that [the plaintiff] is entitled to relief.'" *Id.* at 193 (quoting Fed. R. Civ. P. 8(a)(2)). The Delaware law requires more. Delaware's law and Rule 8 thus "give

4

different answers to the question whether Berk's complaint can be dismissed as insufficient because it was unaccompanied by an affidavit." *Id.* at 194. Because the state law imposed additional pleading-related requirements governing the sufficiency of the complaint itself, Rule 8 displaced it. *Id.* at 198.

*Berk* did not establish any new rule or analytical framework, nor did it purport to. It simply followed well-trodden ground. The majority opinion described its analysis as a "straightforward" application of settled precedents requiring courts first to ask whether the state and federal laws at issue answer the same question. *Id.* at 192. And as Justice Jackson explained in concurrence, the Court has articulated this same "central inquiry in various ways" for decades, which included using the "'attemp[t] to answer the same question'" formulation in *Shady Grove* in 2010. *Id.* at 201 (Jackson, J., concurring) (quoting *Shady Grove*, 559 U.S. at 399) (alteration in *Berk*); *see also, e.g.*, *id.* (noting that the Court had previously asked "whether 'the applicable Federal Rule is in direct collision with the [state] law'" (quoting *Hanna v. Plumer*, 380 U.S. 460, 472 (1965))). *Berk* did nothing to alter that framework.

A Supreme Court decision that "only clarified and reinforced" the principles on which existing Circuit precedent relied does not satisfy *Miller*'s demanding standard. *Lair*, 697 F.3d at 1207. The Supreme Court reaffirms past precedent dozens of times each Term. If every recent citation to a longstanding principle allowed a panel to revisit Circuit precedent, *Miller*'s standard would become meaningless, and Circuit law would quickly become unstable.

## II. *Berk* is not "clearly irreconcilable" with the quarter-century of Ninth Circuit precedent applying the fee-shifting provision of California's anti-SLAPP statute in federal court.

This Court's application of the anti-SLAPP statute, relying on the same well-established framework that *Berk* applied, is fully consistent with *Berk*. The two certainly are not "clearly irreconcilable."

For a quarter century, this Court has repeatedly upheld California's interest in protecting its citizens from SLAPP suits by requiring district courts to apply the core substantive fee-shifting provision of the anti-SLAPP statute when adjudicating motions to strike under the Federal Rules. *See, e.g.*, *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833–35, *amended by*, 897 F.3d 1224 (9th Cir. 2018); *CoreCivic*, 46 F.4th at 1142–43; *Herring Networks, Inc. v.*

*Maddow*, 8 F.4th 1148, 1156 (9th Cir. 2021); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999).

In so doing, the Court has applied the exact same framework the Supreme Court applied in *Berk*, asking the same question of whether the anti-SLAPP statute conflicts with any Federal Rule of Civil Procedure. It has repeatedly reaffirmed that "there is no direct conflict between" "the special motion to strike, [California Code of Civil Procedure] § 425.16(b), and the availability of fees and costs, § 425.16(c)," on the one hand, and the Federal Rules of Civil Procedure, on the other hand. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845–46 (9th Cir. 2001); *see also Newsham*, 190 F.3d at 972–73; *Planned Parenthood*, 890 F.3d at 833–34; *Drexler v. Billet*, 784 F. App'x 548, 549 (9th Cir. 2019); *Clifford v. Trump*, 818 F. App'x 746, 747 (9th Cir. 2020); *Herring Networks*, 8 F.4th at 1155–56; *Planet Aid, Inc. v. Reveal*, 44 F.4th 918, 923 (9th Cir. 2022); *CoreCivic*, 46 F.4th at 1141–43; *Gunn v. Drage*, 65 F.4th 1109, 1119–20 (9th Cir. 2023); *Gopher Media LLC v. Melone*, 154 F.4th 696, 699 n.2 (9th Cir. 2025) (en banc); *id.* at 706–09 (Bennett, J., concurring).

7

This Court essentially held as much in *CoreCivic*. In *CoreCivic*, the plaintiffs argued that *Shady Grove* was "irreconcilable" with this Court's long line of anti-SLAPP decisions, because the *Shady Grove* majority asked "whether the apparently conflicting federal and state rules 'answer the same question,'" while some of this Court's precedents had asked whether there was a "direct collision" between the Federal Rules and California's anti-SLAPP statute. *CoreCivic*, 46 F.4th at 1141–42 (quoting *Shady Grove*, 559 U.S. at 399).[1]

This Court rejected that argument. It explained that in *Shady Grove*, the Supreme Court "did not discard the 'direct collision' test; it merely repackaged it." *CoreCivic*, 46 F.4th at 1142. Thus, this Court had "continued to use the 'direct collision' language interchangeably with the 'same question' language in the wake of" *Shady Grove. Id.*; *see also id.* at 1143 ("*Shady Grove* did not put forward a new framework; it merely framed the direct collision inquiry in a new way." (internal quotation marks omitted)). And in so doing, the Court continued to hold that fee

---

[1] This appears to be the same argument Appellants make when invoking *Berk*. *See* Rule 28(j) Ltr., ECF 73.1 at 1 (contending that, after *Berk*, *Newsham* conducted the "wrong analysis" by asking whether there was a "direct collision"); Appellants' Proposed Petition for Initial Hearing En Banc, ECF 83.1 at 5.

shifting under the anti-SLAPP statute does not conflict with the Federal Rules or attempt to answer any question they resolve. *See id.* at 1141.

This Court has carefully ensured that application of California's anti-SLAPP statute in federal court comports with the Federal Rules. In *Planned Parenthood*—decided eight years after *Shady Grove*—this Court acknowledged that district courts must apply federal *procedure* when applying California's anti-SLAPP statute. Under *Planned Parenthood*, an anti-SLAPP motion based on purely legal arguments is analyzed under Rules 8 and 12, while a motion raising a factual challenge is analyzed under Rule 56. 890 F.3d at 833. This Court confirmed, however, that "the attorney's fee provision of § 425.16" still "applies." *Id.* at 834 (citation omitted).

This Court has affirmed that other aspects of California's anti-SLAPP statute that the Federal Rules displace do not apply in federal court, including: the automatic stay of discovery, *Metabolife*, 264 F.3d at 846; the statute's restrictions on amendment, *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); its filing deadline, *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016); and the right to an interlocutory appeal, *Gopher Media*, 154 F.4th at 699, 703–04.

9

As even this Court's harshest critics of applying the statute in federal court concede, motions brought under the statute "are really just motions to dismiss under Rule 12(b)(6) or summary judgment motions under Rule 56" that "follow the same discovery processes as those motions, just as the Federal Rules would normally allow." *Id.* at 716 (Bress, J., concurring in judgment). While the Federal Rules thus provide the *procedures* for applying the anti-SLAPP statute in federal court, the *substantive* component of that statute—the prevailing-defendant fee provision—applies. *Id.* That is precisely how the statute operated here. (1-ER-43, 47–48.)

Unlike the Delaware affidavit requirement in *Berk*, the anti-SLAPP statute's fee-shifting provision does not prescribe what a plaintiff must plead, prove, or submit to survive dismissal. It neither conditions access to federal court nor prescribes the contents of a federal pleading. Nor does it govern how a court adjudicates a motion, manages discovery, or supervises litigation. Instead, the fee-shifting provision operates only after the defendant prevails. The anti-SLAPP statute's right to attorneys' fees thus exists independent of the Federal Rules, just like the attorneys' fees that this Court has allowed litigants to recover under other California

10

laws.[2] *See, e.g.*, *Wilson v. Tesla, Inc.*, 833 F. App'x 59, 61 (9th Cir. 2020) (wage and hour); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018) (civil rights); *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007) (trade secrets); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478–79 (9th Cir. 1995) (age discrimination). This reflects the California Legislature's substantive policy judgment about the value of speech on a public issue.

Rules 8 and 12 govern what a plaintiff must allege to proceed with litigation. Rule 56 governs what a party must show to obtain or defeat summary judgment. The anti-SLAPP statute's fee provision operates only later, governing whether a prevailing defendant may recover the costs of defending against a SLAPP.

Because *Berk* just reaffirmed the same test from *Shady Grove* (and a long line of decisions before it) that *CoreCivic* held to be consistent with this Court's anti-SLAPP precedents, those precedents also are consistent

---

[2] This Court has recognized that attorneys' fee rules are substantive for *Erie* purposes. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013). And because *Berk* "bypasse[d]" the *Erie* inquiry after finding that the Delaware law conflicted with Rule 8, 607 U.S. at 192, it did not disturb this Court's *Erie* analysis of fee-shifting statutes.

11

with *Berk*. This Court's longstanding precedent applying the anti-SLAPP statute's post-prevailing fee entitlement in federal court is therefore not clearly irreconcilable with *Berk*. *See Richey v. Showtime Networks Inc.*, No. 1:24-cv-00134, 2026 WL 867264, at *4–5 (D. Del. Mar. 30, 2026) (Bibas, J., sitting by designation) (rejecting argument that *Berk* bars application of anti-SLAPP fee-shifting provisions in federal court); *Grifols, S.A. v. Yu*, No. 24-cv-00576 (LJL), 2026 WL 836657, at *4–5 (S.D.N.Y. Mar. 26, 2026) (same).

## Conclusion

*Berk* reaffirmed the same framework that this Court has already held consistent with its anti-SLAPP precedents. And unlike the affidavit-of-merit requirement in *Berk*, California's anti-SLAPP statute's fee-shifting provision does not prescribe pleading requirements, govern dismissal, regulate discovery, or answer any question resolved by the Federal Rules. At minimum, *Berk* is not clearly irreconcilable with this Court's longstanding precedent. The panel should continue to follow that precedent applying the fee-shifting provision of the anti-SLAPP statute unless and until the en banc Court holds otherwise.

12

May 13, 2026

/s/ Matthew Strugar
Matthew Strugar
LAW OFFICE OF MATTHEW STRUGAR

Jacob Loup
LAW OFFICE OF JACOB LOUP

Mark Allen Kleiman
KLEIMAN / RAJARAM

*Attorneys for Appellees Liberated
Ethnic Studies Model Curriculum
Consortium, Theresa Montaño, and
Guadalupe Cardona*

13

## Certificate of Compliance

1.     This supplemental brief complies with the type-volume limitation of this Court's May 4, 2026 supplemental briefing order because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), it contains 2,345 words.

2.     This supplemental brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A), and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using 14-point Century Schoolbook.

/s/ Matthew Strugar
Matthew Strugar

## Certificate of Service

I certify that on May 13, 2026, I electronically filed the Appellees Liberated Ethnic Studies Model Curriculum Consortium, Theresa Montaño, and Guadalupe Cardona's Supplemental Brief with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit using the CM/ECF filing system.

/s/ Matthew Strugar
Matthew Strugar

14