---

## NOS. 24-7676 AND 25-3436

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**CONCERNED JEWISH PARENTS AND TEACHERS
OF LOS ANGELES, et al.,**
*Plaintiffs-Appellants*,

vs.

**LIBERATED ETHNIC STUDIES MODEL
CURRICULUM CONSORTIUM, et al.,**
*Defendants- Appellees*.

---

On Appeal from the United States District Court
For the Central District of California
No. 2:22-cv-03243-FMO-E
Hon. Fernando M. Olguin

---

## APPELLEES UNITED TEACHERS LOS ANGELES AND CECILY
## MYART-CRUZ'S BRIEF RE: *BERK v. CHOY*

---

**HADSELL STORMER
RENICK & DAI LLP**
CORNELIA DAI (SBN 207435)
SARAH CAYER (SBN 334166)
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: cdai@hadsellstormer.com
  scayer@hadsellstormer.com

**BUSH GOTTLIEB, A LAW
CORPORATION**
IRA L. GOTTLIEB (SBN 103236)
ADAM KORNETSKY (SBN 336919)
801 North Brand Boulevard, Suite 950
Glendale, California 91203
Telephone: (818) 973-3200
Facsimile: (818) 973-3201
Emails: igottlieb@bushgottlieb.com
  akornetsky@bushgottlieb.com

ATTORNEYS FOR DEFENDANTS-APPELLEES
**UNITED TEACHERS LOS ANGELES and CECILY MYART-CRUZ**

## DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant United Teachers Los Angeles, by and through its undersigned counsel, states as follows:

United Teachers Los Angeles states that it has no parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

Dated: May 13, 2026

Respectfully submitted,

/s/ Sarah Cayer
Sarah Cayer
Cornelia Dai
Hadsell Stormer Renick & Dai, LLP
*Attorneys for Appellee*
*United Teachers Los Angeles*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ...................................................................................................... 2

    I.      Standard of Review. ............................................................... 2

    II.     *Berk* Does Not Change the *Shady Grove* Analysis. .............................. 3

    III.   The Question Before this Court is Whether Defendants are Entitled to Fees, Which is Not Answered by the Federal Rules of Civil Procedure. ................................................................................. 4

    IV.   *Newsham* is not Clearly Irreconcilable with Either *Berk* or *Shady Grove*. .................................................................................. 6

CONCLUSION ................................................................................................... 7

i

## TABLE OF AUTHORITIES

**CASES**                                                                          **Page(s)**

*Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975) ...............5

*Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023) ......................................2

*Berk v. Choy*, 607 U.S. 187 (2026) ................................................. 1, 2, 3, 4, 5, 6, 7

*Burlington Northern R. Co v. Woods*, 480 U.S. 1 (1987) .....................................3, 4

*Close v. Sotheby's, Inc.*, 894 F.3d 1061 (9th Cir. 2018) ...............................................2

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) ...................................6

*CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136 (9th Cir. 2022) ........ 1, 4, 6, 7

*FTC v. Consumer Def. LLC*, 926 F.3d 1208 (9th Cir. 2019) ...................................2

*Gopher Media LLC v. Melone*, 154 F.4th 696 (9th Cir. 2025) .............................2, 5

*Hanna v. Plumer*, 380 U.S. 460 (1965) ...................................................3, 4

*Lackey v. Stinnie*, 604 U.S. 192 (2025) ...................................................5

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) ...................................................2, 7

*Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*,

    890 F.3d 828 (9th Cir. 2018) ...................................................6

*Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975 (9th Cir. 2013)...................2

*Shady Grove Orthopedic Associates, P.A., v. Allstate Insurance Co.*,

    559 U.S. 393 (2010) ...................................................... 1, 3, 4, 5, 6, 7

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,

    190 F.3d 963 (9th Cir. 1999) ........................................... 1, 2, 4, 5, 6, 7

**Statutes**

Cal. Civ. P. Code § 425.16...................................................5

**Rules**

Fed. Rule Civ. Proc. 8 ...................................................3

ii

## INTRODUCTION

Pursuant to this Court's supplemental briefing order, Dkt. 86.1, Defendants-Appellees United Teachers Los Angeles ("UTLA") and Cecily Myart-Cruz herein argue that *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999), and the line of cases that have followed which have applied California's Anti-Strategic Lawsuit Against Public Participation ("Anti-SLAPP") law in federal courts in this Circuit, are not clearly irreconcilable with *Berk v. Choy*, 607 U.S. 187 (2026). *Berk* does not alter the analysis adopted by the Supreme Court in *Shady Grove Orthopedic Associates, P.A., v. Allstate Insurance Co.*, 559 U.S. 393 (2010). *Berk* considered the narrow question of "whether Berk's lawsuit may be dismissed because his complaint was not accompanied by an expert affidavit." 607 U.S. at 192. Because Delaware state law and a Federal Rule of Civil Procedure gave conflicting answers to the "question in dispute," the Federal Rule controlled, and federal courts could not dismiss the complaint based on the absence of an affidavit. *Id.* (quoting *Shady Grove*, 559 U.S. at 398). This is a straightforward application of *Shady Grove.*

This Court has already determined *Newsham* is not "clearly irreconcilable" with *Shady Grove. See CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1138 (9th Cir. 2022). Because *Berk* does not alter the *Shady Grove* analysis, it is not irreconcilable with Circuit precedent. Nevertheless, Appellants in this matter, Concerned Jewish Parents and Teachers of Los Angeles ("CJPTLA") and its members, strain to identify a change in the law where none exists. In CJPTLA's Petition for Initial Hearing En Banc, Appellants argued that "Federal Rules of Civil Procedure 12 and 56 answer the same questions as California's Anti-SLAPP statute, and that is the end of the matter." Dkt. 83.1 at 7. This assertion simply is not accurate, however. The fee-shifting provision in California's Anti-SLAPP statute does not answer the same question as any Federal Rule. The "question in

dispute," *Berk*, 607 U.S. at 193 n.1, in the instant case "is whether defendants may obtain attorneys' fees for the pretrial dismissal of a meritless suit." *Gopher Media LLC v. Melone*, 154 F.4th 696, 706 (9th Cir. 2025) (en banc) (Bennett, J. concurring). No Federal Rule answers this question, and this Court has always recognized the mandatory fee-shifting provision in California's Anti-SLAPP statute as a substantive right. *See Newsham*, 190 F.3d at 973.

Nothing in *Berk* would require this Court, whether sitting as a three-judge panel or *en banc*, to unravel a quarter-century of Circuit precedent. Certainly, *Berk* does not reach the "clearly irreconcilable" threshold necessary for a three-judge panel to overrule the decisions of not just one but multiple prior panels.

<strong>ARGUMENT</strong>

**I.    Standard of Review.**

A three-judge panel may only overrule the decision of a prior panel where an "intervening higher authority" is "clearly irreconcilable" with the reasoning of that decision. *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). Circuit authority is only clearly irreconcilable when it has been "undercut by higher authority to such an extent that it has been effectively overruled by such higher authority." *Id.*, 335 F.3d at 899. "[T]he 'clearly irreconcilable' requirement 'is a high standard.'" *FTC v. Consumer Def. LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019) (quoting *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013)). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent." *Id.* If the Court can apply Ninth Circuit "precedent consistently with that of the higher authority, [it] must do so." *Id. See also Avilez v. Garland*, 69 F.4th 525, 533 (9th Cir. 2023). "Nothing short of 'clear irreconcilability' will do." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1074 (9th Cir. 2018). The higher authority must "completely undermine" Circuit precedent or "mandate" a different result. *Id.*

2

## II. *Berk* Does Not Change the *Shady Grove* Analysis.

*Shady Grove* is the "most up-to-date approach to identifying the necessary conflict" between a Federal Rule and a state statute," and it is the approach applied in *Berk*. *Berk*, 607 U.S. at 192; 201–02. In 2010, the Supreme Court considered whether a New York statute that precluded a suit to recover a "penalty" from proceeding as a class action "answer[ed] the same question" as Rule 23. *Shady Grove*, 559 U.S. 393, 398. In evaluating the New York statute, the Court applied the "familiar" framework previously used in *Burlington Northern R. Co v. Woods*, 480 U.S. 1, 4–5 (1987), and *Hanna v. Plumer*, 380 U.S. 460, 463–64 (1965). 559 U.S. at 398. The Court first considered whether both the New York statute and Rule 23 answered the question in dispute, "whether Shady Grove's suit may proceed as a class action." *Id.* Finding both the statute and Rule 23 provided an answer, the Court then evaluated whether those answers conflicted. *Id.* Because Rule 23 provides a "one-size-fits-all formula for deciding the class-action question," while the New York statute narrowed the "class-action question" based on the relief sought, the Federal Rule and the state statute gave conflicting answers to the same question. *Id.* Therefore, the Federal Rule applied and preempted the conflicting state law.

*Berk* does not alter this analysis. In *Berk*, the Supreme Court applied *Shady Grove* to a Delaware statute that required plaintiffs, at the time of filing a medical malpractice suit, to submit an affidavit from a medical professional attesting to the suit's merit. 607 U.S. at 190. The Court determined that both the statute and Rule 8 answered the same question: should Berk's complaint be dismissed because it was not accompanied by an affidavit of merit. *Id.* at 192–93. The Delaware statute requires dismissal. In contrast, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief" as well as a statement of the court's jurisdiction and a demand for relief sought, Fed. Rule Civ. Proc. 8(a)(1)–(3), and thereby establishes "implicitly, but with unmistakable clarity…that evidence of

3

the claim is *not* required." 607 U.S. at 193 (cleaned up). Therefore, dismissal was not appropriate. Because the Federal Rule establishes that no evidence of a claim is required, and the Delaware statute required evidence of a claim, the Federal Rule controlled and the Delaware affidavit of merit requirement could not be imposed in federal court. *Id.* at 194–95.

*Berk v. Choy* follows sixty years of Supreme Court precedent which has consistently found that "the nub of the conflict inquiry is to determine whether the State's requirement is, in fact, contrary to a Federal Rule." *Id.* at 200–01 (Jackson, J. concurring). The decision relied not only on *Shady Grove* but also older preemption decisions like *Burlington Northern* and *Hanna*. *Id.* at 201. While the precise words the Court used to describe the analysis have changed, the analysis itself remains the same.

### III. The Question Before this Court is Whether Defendants are Entitled to Fees, Which is Not Answered by the Federal Rules of Civil Procedure.

Plaintiffs-Appellants CJPTLA argue that, after *Berk*, it no longer matters that California's Anti-SLAPP statute is substantive. This is simply not correct. *Berk* considered whether a substantive state law directly collided or was "at odds" with a Federal Rule, the same step-one analysis addressed in *Shady Grove* and its predecessors. *See Berk*, 607 U.S. at 194. *See also CoreCivic*, 46 F.4th at 1142 (discussing the development of the step-one analysis). This was because the state law and the Federal Rule answered the same narrow question that was before the Supreme Court: whether a plaintiff needed to submit an affidavit of merit when he brought a state medical malpractice claim in federal court. *Berk,* 607 U.S. at 192. The question that CJPTLA puts before this Court is whether Defendants-Appellees are entitled to attorneys' fees after disposing of a meritless SLAPP suit. No Federal Rule reaches this issue.

4

The *Newsham* Court recognized attorneys' fees as the central substantive purpose of California's Anti-SLAPP statute. 190 F.3d at 973. Fee provisions are generally substantive law. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975) (superseded by statute on other grounds as stated in *Lackey v. Stinnie*, 604 U.S. 192 (2025)). "[W]here the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Id. See also Gopher Media*, 154 F.4th at 708 (Bennett, J. concurring). As this Court identified, if federal courts did not apply the Anti-SLAPP fee shifting provisions, "a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Conversely, a litigant otherwise entitled to the protections of the Anti-SLAPP statute would find considerable disadvantage in a federal proceeding. This outcome appears to run squarely against the 'twin aims' of the *Erie* doctrine." *Newsham*, 190 F.3d at 973. *Newsham*'s reinforcement of the Anti-SLAPP's substantive policy goal is just as important today as it was in 1999.

The substantive policy underlying the fee-shifting provision of California's Anti-SLAPP statute is to ensure that defendants who are brought into meritless lawsuits aimed at curtailing their protected expression do not bear the costs of a plaintiff's misuse of the judiciary. The fee-shifting provision encourages attorneys to take cases that otherwise may go unrepresented on issues that address "the constitutional rights of freedom of speech and petition for redress of grievances." Cal. Civ. P. Code § 425.16(a). Plaintiffs-Appellants seek to avoid the costs of bringing meritless lawsuits on issues of California law. By misconstruing *Berk* to alter the *Shady Grove* standard, CJPTLA invites opening the federal courts to a deluge of meritless lawsuits premised on supposed violations of California statutes with federal claims tacked on for jurisdictional purposes. The fee-shifting provision

discourages this type of forum-shopping and supports the protection of defendants' First Amendment rights.

**IV.** ***Newsham* is not Clearly Irreconcilable with Either *Berk* or *Shady Grove.***

This Court has long held that district courts in the Ninth Circuit may hear special motions to strike under California's Anti-SLAPP statute and may award fees accordingly. *Newsham* first evaluated whether the application of California's Anti-SLAPP statute in federal courts would result in a "direct collision" with the Federal Rules. 190 F.3d at 972. This Court determined that while the Anti-SLAPP statute and the Federal Rules "serve similar purposes, namely, the expeditious weeding out of meritless claims before trial," they did not conflict. *Id.* Moreover, there was "no indication that Rules 8, 12, and 56 were intended to 'occupy the field' with respect to pretrial procedure" aimed at addressing meritless claims. *Id.* (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 556 (1949)). This Court further clarified the cohesion between the Anti-SLAPP statute and the Federal Rules in *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, holding that an Anti-SLAPP motion founded on purely legal argument is analyzed under Rules 8 and 12, while an Anti-SLAPP motion that incorporates a factual challenge is treated as a motion for summary judgment under Rule 56. 890 F.3d 828, 833 (9th Cir. 2018).

Despite linguistic changes to the preemption analysis, this Court has continued to find that *Newsham* governs decisions relating to California's Anti-SLAPP statute. This Court had the opportunity to reverse course in *CoreCivic*, when it evaluated whether *Newsham* was clearly irreconcilable with *Shady Grove*. 46 F.4th at 1141. Just as Justice Jackson noted in her concurrence in *Berk*, this Court held that *Shady Grove* did not alter the preemption framework — "it merely repackaged it." *Id.* at 1142. *See also Berk*, 607 U.S. at 200–01 (Jackson, J. concurring). *CoreCivic* also found that other circuits interpret *Shady Grove* similarly. Although some sister circuits had found that other state's Anti-SLAPP laws conflict with the Federal

6

Rules, they reached this conclusion under the same "direct collision" analysis that the *Newsham* Court concluded did not preclude application of California's Anti-SLAPP statute. *Id.* at 1143. Thus, while *Shady Grove* gave new terminology to the preemption analysis, it did not fundamentally change that analysis. Because *Shady Grove* did not alter the analysis on which *Newsham* relied, the *CoreCivic* Court did not find *Newsham* clearly irreconcilable. *Id.*

Newsham is not clearly irreconcilable with *Berk* because *Berk* does not change the *Shady Grove* analysis. *See CoreCivic*, 46 F.4th at 1143 (finding that the "direct collision" and "same question" language refer to interchangeable standards). In their Petition for Initial Hearing En Banc, Plaintiffs-Appellees CJPTLA fail to identify any ways that *Berk* substantively differs from *Shady Grove* such that it functionally overturns not only *Newsham* but also *CoreCivic*. The same analytical framework that applied following *Shady Grove* remains in place after *Berk.*

## CONCLUSION

Newsham is not clearly irreconcilable with *Berk v. Choy* and may not be overturned by a three-judge panel pursuant to *Miller.* 335 F.3d at 900.

Dated: May 13, 2026       Respectfully submitted,

/s/ Sarah Cayer
Sarah Cayer
Cornelia Dai
Hadsell Stormer Renick & Dai, LLP

*Attorneys for Appellees*
*United Teachers Los Angeles*
*Cecily Myart-Cruz*

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 24-7676, 25-3436

I am the attorney or self-represented party.

**This brief contains** | 2,146 | **words, including** | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◉ complies with the length limit designated by court order dated | May 4, 2026 |.

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/Sarah Cayer | **Date** | 5/13/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8** | *Rev. 12/01/22*